UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDRE CALIX, | ) | CASE NO. 3:22-CV-484 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMETHEA PULLEN, ET AL., | ) | MARCH 2, 2023 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 13)**

Plaintiff, Andre Calix ("Calix"), filed a complaint bringing *Bivens* claims against Defendants Pullen, Geib, Blackman-Conston, Hernandez, Lewis, Easter, and Whitley. *See* Compl., ECF No. 1. In response to the Court's Order to show cause, *see* ECF No. 11, Defendant Pullen filed a motion to dismiss Calix's complaint seeking dismissal upon initial review pursuant to 28 U.S.C. Section 1915A. *See* ECF No. 13. For the following reasons, the motion to dismiss is GRANTED.

**Procedural Background**

Calix brought this action through the filing of a pleading titled "Civil Complaint" ("the Complaint"). Because the Complaint pertained to Calix's conditions of confinement at a federal prison, Federal Correctional Institution Danbury ("FCI Danbury"), the Court initially construed the pleading as a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See* ECF No. 11 at 1. Thus, the Court designated FCI Danbury's Warden, Timethea Pullen ("Pullen"), as a Respondent and ordered her to show cause why the Court should not grant the relief requested in Plaintiff's pleading. *See id.*

Pullen responded to the Court's show cause Order with a motion to dismiss, arguing that Calix's filing should be dismissed on the ground that it did not request the type of injunctive relief

that could be granted through a habeas proceeding. *See* Def. Mot., ECF No. 13, at 3–5. Pullen also noted that Calix's pleading appeared to be a civil complaint bringing Federal Tort Claims Act (FTCA) and/or *Bivens* claims, and not a writ of habeas corpus. *See id.* at 5–7. Thus, Pullen encouraged the Court to conduct an initial screening of the Complaint/Petition pursuant to 28 USC § 1915A and advanced several arguments as to why the Court should summarily dismiss any FTCA and/or *Bivens* claims. *See id.* at 5–10.

Subsequently, Calix filed a letter asserting that the Court had erred by construing his pleading as a writ of habeas corpus. *See* Pl. Let., ECF No. 15, at 1. Calix emphasized that he was seeking monetary damages from the Defendants and asserted that his pleading should be construed to bring a *Bivens* cause of action. *See id.* The Court then issued an Order accepting Calix's "clarification regarding the nature of his claims." ECF No. 13. The Court also noted that Pullen's recently filed motion advanced arguments as to why the Court should dismiss Calix's *Bivens* claims and provided Calix with an extended deadline within which to respond. *See id.* Calix responded and asserted that he had brought viable *Bivens* claims against Defendants. *See* Pl. Res., ECF No. 17.[1] The Court herein assesses whether Plaintiff's claims are plausibly alleged and otherwise cognizable. *See* 28 U.S.C. § 1915A.

**Allegations**

The Complaint alleges that Calix, a federal inmate, arrived at FCI Danbury around September of 2019. Compl. at 1, ¶ 2. From March of 2020 to the filing of the Complaint (April of

---

[1] In his letter and response, Calix also asks the Court to immediately order service upon Defendants, Pl. Res. at 1–2, who had already appeared, but only because the Court issued an Order to Show Cause rather than directing service. Now having construed this case as a *Bivens* action, the Court conducts an initial screening of the Complaint for *cognizable* claims. *See* 28 U.S.C. § 1915A. And having concluded, *see infra*, that Calix has not pled any cognizable *Bivens* claims, it would be improper for the Court to order service of process. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999).

2022), FCI Danbury authorities implemented policies and protocols designed to curb the spread of COVID-19. *Id.* at 2, ¶ 2. Calix contends that some of these policies and protocols were ineffectual, resulting in unreasonable exposure to COVID-19, or overly restrictive, resulting in harsh living conditions. *Id.* at 2, 5–7 ¶¶ 3–4, 9–12.

In addition to harm related to the COVID-19 pandemic, Calix alleges that conditions of confinement at FCI Danbury exposed him to risks and/or harms related to: (1) scabies outbreaks; (2) pervasive black mold; (3) inadequate ventilation; (4) exposure to extreme temperatures; (5) understaffing resulting in inmate fights; and (6) unsanitary cell conditions. *Id.* at 2–4 ¶¶ 4–7. Calix also asserts that he was wrongfully subjected to a punitive segregation placement in the fall of 2020. *Id.* at 3–4, ¶¶ 6–7.

Calix claims the above circumstances are a violation of his Eighth Amendment rights, as Defendants were deliberately indifferent to his conditions of confinement. *Id.* at 1. He seeks $1,250,000 in damages.[2] *See* Pl. Supp. Mot., ECF No. 8, at 1.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review civil prisoner complaints against governmental actors and "dismiss… any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This standard of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (internal

---

[2] In this motion, Calix has moved to supplement the Complaint to increase his damages demand. *See* Pl. Supp. Mot. The increase in the damages sought does not alter the outcome of the Court's § 1915A review, and thus, Calix's supplemental motion is DENIED as moot.

quotation marks and citation omitted).

The Court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted). Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 55, 557).

**Discussion**

Pullen argues that Calix has failed to state *Bivens* claims for two reasons. First, she asserts that Calix's claims against Defendants in their official capacities are barred by sovereign immunity principles. *See* Def. Mot. at 7. Second, she contends that the Court cannot imply a damages action for Calix's purported *Bivens* claims. *See id.* at 7–10.

The Court first observes that the Complaint does not specify whether Defendants are being sued in their individual or official capacities. *See id.* In his response to the motion to dismiss, Calix clarified that he is suing Defendants in their individual capacities for money damages. *See* Pl. Res. at 3–4. The Court will thus construe the Complaint as one asserting individual capacity *Bivens*

4

claims, rendering inapplicable any sovereign immunity arguments. *See Rodriguez v. Easter*, 3:20-cv-1872 (SVN), 2022 WL 356478 at *4 (D. Conn. Feb. 7, 2022) (presuming that *Bivens* claims were brought against defendants in their individual capacities).

Pullen's second argument is on stronger footing. In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court recognized "an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *See also Corr. Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). However, not every federal violation of constitutional law gives rise to a viable *Bivens* claim. The Supreme Court has only acknowledged cognizable *Bivens* claims in three specific contexts. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017). And "recognizing a [novel] *Bivens* cause of action is a disfavored judicial activity." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (internal quotation marks and citation omitted).

Courts apply a two-step test to determine whether a *Bivens* remedy is available for a specifically alleged constitutional violation. *See id.* First, a court considers whether a plaintiff's case is "meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Id* (internal quotation marks and citation omitted). If this inquiry is answered in the affirmative, the court must next consider "whether there is *any* rational reason (even one) to think that *Congress* is better suited [than the judiciary] to weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1805 (internal quotation marks and citation omitted). This analysis will, "in most every case," preclude a court from recognizing a novel type of *Bivens* claim. *Id.* at 1803.

Here, Calix alleges that Defendants violated his Eighth Amendment rights through their deliberate indifference to various conditions of his confinement. *See* Compl. at 1. Of the few cases

in which the Supreme Court has recognized a cognizable *Bivens* claim, this case most closely resembles *Carlson v. Green*, 446 U.S. 14 (1980).[3] In *Carlson*, the Supreme Court permitted the estate of a deceased federal inmate who had suffered from an asthma condition to proceed with a claim against prison officials for their deliberate indifference to his need for medical treatment. *See id.* at 16 n.1. Though both rooted in the Eighth Amendment, the conditions of confinement claim brought here is easily distinguishable from *Carlson's* medical needs claim. *See Rodriguez*, 2022 WL 356478 at *7 (declining to extend *Bivens* to encompass an Eighth Amendment non-medical conditions claim). The claims asserted herein, which are premised upon exposure to COVID-19, scabies, and mold, even if construed as "medical" claims, allege indifference to an unquantifiable risk of a potential serious harm to Calix. On the contrary, *Carlson* involved deliberate indifference to an inmate's actual medical condition that resulted in the inmate's death. *See Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 63–65 (E.D.N.Y. 2017) (declining to extend *Bivens* to encompass an Eighth Amendment medical claim arising on facts dissimilar to those noted in *Carlson*). Thus, the claim made here is meaningfully different from the one in *Carlson.*

As such, the cause of action is presumptively not cognizable. *See Egbert*, 142 S. Ct. at 1803 (asserting that there will almost always be a rational reason to think that Congress is better equipped than the judiciary to establish a damages remedy). And this presumption is confirmed by the Supreme Court's explicit prohibition against recognizing a novel *Bivens* action in circumstances when "Congress or the Executive has created a remedial process that it finds

---

[3] In *Bivens*, the plaintiff stated a federal cause of action for damages under the Fourth Amendment when agents of the Federal Bureau of Investigation entered and searched the plaintiff's apartment without a warrant or probable cause. *See id.,* 403 U.S. 388 at 395–96. In the other case recognizing a cognizable *Bivens* claim, *Davis v. Passman*, 442 U.S. 228, 245 (1979), the Court determined that there could be a remedy in damages for a plaintiff who prevailed on the merits of a 5th Amendment due process claim for unlawful termination on the basis of sex.

sufficient to secure an adequate level of deterrence" to federal officials. *Id.* at 1807.

Here, the executive and legislative branches of government have permitted Calix to seek injunctive relief for unconstitutional conditions of confinement through administrative remedies procedures and the filing of a writ of habeas corpus. *See Rodriguez*, 2022 WL 356478 at *7. Because these processes are sufficient to deter federal officials from violating inmates' Eighth Amendment rights, the Court cannot and does not recognize a separate *Bivens* cause of action under the circumstances alleged here.

**Conclusion**

All *Bivens* claims brought against Defendants are **DISMISSED**. Because any attempt to amend the Complaint to plead cognizable *Bivens* claims would be futile, the Court's dismissal is with prejudice. The Clerk is directed to enter judgment for Defendants and close this case.

**SO ORDERED** this 2nd day of March 2023 at Bridgeport, Connecticut.

                                       */s/ Kari A. Dooley*
                                       KARI A. DOOLEY
                                       UNITED STATES DISTRICT JUDGE